■ HELEN Z. BATTISTONI, as Administratrix of the Estate of CHARLES BATTISTONI, Deceased, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 30671.) — Appeal by the State and a cross appeal by claimant from a judgment of the Court of Claims awarding claimant the sum of $19,325.65, and interest, for the alleged wrongful death of her husband. Claimant's husband died as the result of injuries received when an automobile in which he was riding as a passenger, collided with part of a tree which lay partially across a State highway (Route 82-A) near Stanfordale in Dutchess County, New York. The accident happened about twelve o'clock at night. On the preceding day and into the evening an unusually violent storm, with winds of gale force at times, covered the entire State. Earlier in the day the upper part of the tree in question had fallen across the same highway but had been removed by a road crew at about four o'clock in the afternoon. The lower portion of the tree, that was later involved in the fatal accident, was left standing. Just when it fell is not known but some time between five-thirty and six o'clock of the same afternoon it was known to be lying across the highway. The

proof is rather clear that at least by seven o'clock in the evening the State was given notice through highway employees and the State Highway Department of the existence and location of such obstruction. No attempt was made to remove the tree, but more important nothing was done to warn motorists of the dangerous condition. No lights, flares or warnings of any kind were posted, and the road was not closed to traffic. Some five hours elapsed after the State had notice and before the accident happened. On the basis of such facts we think the Court of Claims was justified in finding the State negligent and that its negligence was the proximate cause, or one of the proximate causes of the accident. The court below was also justified in refusing to find claimant's decedent guilty of contributory negligence under the circumstances. Of course the State was not liable for the violence of the storm but it had a duty to exercise a fair degree of care and assiduity to protect traffic against the dangerous conditions on the highway either by posting adequate warning signs or closing the highway to traffic. It failed to perform that duty in a reasonably careful manner. Hence the court below had a just basis for imposing liability. We think however that the amount of the award was inadequate. Decedent was only thirty-two years of age at the time of his death and apparently enjoying good health and a good reputation. He had been a manager for Grand Union stores in Hyde Park and Rhinebeck, New York, and left that occupation to assist his father in the operation of a restaurant and tavern. In view of his life expectancy, his apparent intelligence and ability, and that he left a widow thirty-five years of age, we are constrained to modify the award and judgment by raising the same to the sum of $30,000 with interest thereon from November 26, 1950, and as so modified, on the law and the facts, the award and judgment are affirmed, with costs. Settle order. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.. concur.